UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KALVIN SCHANZ,

    Plaintiff,

v.

CITY OF OTSEGO, *et al.*,

    Defendants.
_____/

CASE NO. 1:21-CV-1028

HON. ROBERT J. JONKER

## **ORDER**

Plaintiff owns an old schoolhouse in Otsego. His First Amended Complaint describes years of interactions he has had with local officials over various proposed uses for the property, none of which came to fruition. He asserts a variety of claims arising out of those interactions, but his Emergency Motion for TRO or Preliminary Injunction is more narrowly focused on the most recent iteration of the dispute: namely, the City's "repair or demolish" order based on asserted code violations. Plaintiff says the order is void because the City failed to follow its own procedural rules, and failed to give him adequate notice and opportunity for hearing. He asks this Court to enter an *ex parte* TRO precluding the City from demolishing the property.

Whether to grant a temporary restraining order is within the discretion of the court. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). The Court may not issue a temporary restraining order without written or oral notice to the adverse party or its attorney unless specific facts in an affidavit or verified complaint clearly show that irreparable injury will result before the adverse party can be heard in opposition and the moving party provides written certification of any efforts made to give notice and why notice should not be required. FED. R. CIV. P. 65(b)(1).

The Court is not satisfied on the present record that plaintiff has made the necessary showing for an ex parte TRO. Plaintiff's papers include no certification of efforts made to give notice and no persuasive reason why notice should not be required. Moreover, Plaintiff's papers demonstrate no convincing basis for concluding that irreparable injury will result before the adverse parties can be heard. First, the underlying dispute has been simmering for years—at least since 2015 when plaintiff says City officials intimidated him out of proceeding with his first plan for the property. The "repair or demolish" order has itself been the subject of dispute, including State Court litigation, since March or April of 2021. FAC at Exhibit 5, ECF No. 3-6. Second, there is no indication in the pleadings that demolition is imminent. The building is large, and any demolition will, as a practical matter, require significant preparation to ensure the safety of all involved, as well as significant cost. There is no indication any of these preparations have been made. Third, the State Court itself is scheduled to hear plaintiff's challenge to the "repair or demolish" order tomorrow. Plaintiff may not think the process is likely to provide him relief, but at a minimum there is good reason to let that process run its course as it may moot some or all of what is at issue here.[1] It will also be a place where plaintiff can conveniently serve the defendants with this lawsuit so they will have notice and an opportunity to respond.

**ACCORDINGLY, IT IS ORDERED**:

1. Plaintiff's Emergency Motion for Ex Parte TRO (ECF No. 4) is **DENIED** to the extent Plaintiff seeks ex parte relief and remains pending in all other respects.

---

[1] The Court notes that federal procedural due process is a flexible concept designed to ensure notice and an opportunity for hearing appropriate for the particular dispute. City procedures may inform what process is appropriately due, but a municipality can satisfy the requirements of federal due process even while failing to comply with every technicality of local law, practice, or custom. *See, e.g., Knuth v. Hagar Township*, Case No. 1:14-cv-42, ECF No. 78, at PageID.1054-1057 (W.D. Mich. Oct. 8, 2014) (transcript of October 2, 2014 bench ruling granting summary judgment for the defense on a procedural due process claim arising out of a property condemnation dispute).

2. Plaintiff shall serve the summons and complaint, a copy of his motion and brief, and a copy of this Order on Defendants as soon as possible and shall file proof of service on Defendants promptly thereafter.

3. Defendants may respond no later than 21 days after the date of service.

Dated:   December 8, 2021         /s/ Robert J. Jonker
                                                     ROBERT J. JONKER
                                                     CHIEF UNITED STATES DISTRICT JUDGE